

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Widjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Widjaja v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1352.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1352

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No: 05-3268

TJAN TING WIDJAJA,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA File No. A79-734-386

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2007

BEFORE: SCIRICA, <u>Chief Judge</u>, McKEE and NOONAN[*], <u>Circuit Judges</u>

(Filed April 5, 2007)

OPINION

McKee, <u>Circuit Judge</u>

Tjan Ting Widjaja petitions for a review of a decision of the Board of Immigration

Appeals adopting and affirming and Immigration Judge's denial of Widjaja's request for

---

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1] For the reasons that follow, we will dismiss the petition.

Inasmuch as we write primarily for the parties who are familiar with the background of this case, we need not repeat the factual or procedural history except insofar as may be helpful to our brief discussion.

Widjaja is a native citizen of Indonesia. He is an ethnic Chinese Christian. He testified that persons of Chinese ancestry routinely suffer discrimination in Indonesia. He related several examples of what can best be described as bigoted interactions with native Indonesians who expressed hostility towards him because of his ancestry. These included an ethnic slur that was hurled at him during a traffic accident as well as encounters he had while in school in Indonesia. The Immigration Judge held that the actions which Widjaja complained of evidenced discrimination, but did not rise to the level of "persecution" as required for the relief he was seeking. Moreover, the fact that Widjaja's family continued to live in Indonesia without apparent harm, and the fact that Widjaja was himself never prevented from practicing Christianity while he was in Indonesia undermined his attempt to establish the objectively reasonable fear of persecution required for someone seeking "refugee" status under our immigration laws. The Board of Immigration Appeals agreed

---

[1]Widjaja subsequently withdrew his application for asylum and relief under the CAT. *See* A.R. 65. Accordingly, the only issued raised by the instant petition for review is the BIA's affirmance of the Immigration Judge's denial of his request for withholding of removal.

and adopted the decision of the Immigration Judge as its own.[2]

Section 208 of the Immigration and Nationality Act ("INA") gives the Attorney General discretion to grant asylum to a removable alien who can establish that he/she is a "refugee." 8 U.S.C. § 1158(a). "Refugee" is defined by statute as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside of any country in which such person last habitually resided, and who is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant must present some evidence that the alleged persecutors want to punish him/her "on account of" one of the five statutory grounds in order to establish eligibility for asylum. *Elias-Zacarias*, 502 U.S. 478 (1992).

An applicant who establishes past persecution is "entitled to a presumption that his life or freedom will be threatened if he returns." *Gabuniya v. Attorney General of the United States*, 463 F.3d 316, 321 (3d Cir. 2006); *see* 8 C.F.R. § 208.16(b)(1)). Where an applicant is unable to demonstrate past persecution, the applicant nonetheless becomes eligible for asylum upon demonstrating a well-founded fear of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003). The "well-founded fear of

---

[2]Where the BIA adopts the decision of the Immigration Judge, we review the decision of the Immigration Judge. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). The factual findings of the Immigration Judge are deemed conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *See INS v. Elias-Zacarias*. 502 U.S. 478, 488 n.1 (1992).

3

persecution" standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). The subjective prong requires a showing that the fear is genuine. *Mitey v. INS*, 67 F.3d 1325, 1331 (7th Cir. 1995). Determination of an objectively reasonable possibility requires ascertaining whether a reasonable person in the alien's circumstances would fear persecution if returned to a given country. *Chang v. INS*, 119 F.3d 1055, 1065 (3d Cir. 1997).

Withholding of removal is mandatory once "the Attorney General determines that [the] alien's life or freedom would be threatened" on account of a protected ground. 8 U.S.C. § 1253(h)(1) (re-codified, as amended, at 8 U.S.C. § 1231(b)(3)). To obtain such relief, an alien must establish a "clear probability," i.e., that it is more likely than not, that he would suffer persecution. *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984). Because this standard is higher than that governing eligibility for asylum, an alien who has failed to satisfy the standards for eligibility for asylum is necessarily ineligible for withholding of removal. *Zhang v. Slattery*, 55 F.3d 732, 738 (2d Cir. 1995). Based upon our review of the record, we conclude that the Immigration Judge correctly concluded that Widjaja has not established his eligibility for relief.

As noted above, Widjaja testified that his family still lives in Indonesia without apparent harm. The incidents of bigotry towards him in Indonesia which he testified about are abhorrent, but they do not rise to the level of persecution.

Persecution is an "extreme concept" that does not include all actions which may be

unfair, unjust "or even unlawful." *Lukwago v. Ashcroft*, 329 F.3d 157, 168-69 (3d Cir. 2003). Moreover, the Immigration Judge also considered documentary evidence which undermined Widjaja's claim of persecution. The documentary evidence established that the rights of Christians are not ignored by the government of Indonesia. Although it is clear from the documentary evidence and Widjaja's testimony that discrimination against Christians and ethnic Chinese persists in Indonesia, this record does not support Widjaja's claim that the discrimination is tantamount to persecution as explained by the Immigration judge.

Accordingly, for the reasons set for above, the petition for review will be dismissed.